[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO SUPPRESS
CT Page 15967
The defendant in this case is charged with six counts of assault in the first degree, two counts of conspiracy to commit assault in the first degree, criminal use of a weapon and carrying a pistol without a permit.
The charges against the defendant relate to a shooting which took place in the area of 2 Wayfarer Street in New Haven in which several people suffered gunshot wounds. During the course of the investigation into this shooting a witness was located who identified the defendant as one of the shooters, that witness being a Christine Miller.
The defendant has moved to suppress the out-of-court identification of the defendant by Christine Miller on July 15, 1999 through a photo array from which she picked out the defendant as being one of the shooters.
The defendant's motion to suppress was the subject of an evidentiary hearing on November 9, 2000 at which time the court heard from Christine Miller, Dr. Saul Kassin, Gerald O'Donnell and Detective Clarence Willoughby. As a result of that hearing the court finds the following facts to have been proven. The court also finds that Christine Miller was a credible witness and that her testimony is worthy of belief.
On July 8, 1999, Christine Miller resided at Wayfarer Street. On that date she was awake at about 2:00 or 2:15 in the morning because she was unable to sleep. While she was sitting in a chair next to her bedroom window which was at ground level, she observed two black males walk by her window from her right to left on a sidewalk which ran in front of her bedroom window. These two individuals walked down the sidewalk and stopped at the end of a building which was to her left, pulled out guns and began shooting. They then returned the guns to their clothing and walked back on the sidewalk toward her at which time she had a clear view of their faces.
Based on measurements taken by the defendant's investigator the distance between the window and the area where the shooting took place was 75 feet, 6 inches and the distance between the window and the nearest part of the sidewalk was 31 feet. The area in question was illuminated by lights in a nearby parking lot and on the front door of Miss Miller's building. Another light on the building to her left was broken and would have better illuminated the area in question had it been in working CT Page 15968 order. While it is somewhat unclear as to whether the witness had seen both of the shooters in the neighborhood prior to July 8, 1999, it is clear from her testimony that she did recognize the defendant as someone that she had seen in the neighborhood in the past. She described one of the shooters as shorter than the other with the shorter of the two having darker skin and braids.
Miss Miller described the lighting conditions as adequate and indicated that she was able to observe the defendant's face for 10 to 15 seconds.
On July 15, 1999, Detective Willoughby and Detective Hunter came to Miss Miller's home in the course of their investigation of the shooting. Miss Miller told them what she had seen and that she thought that she could identify the shooters. She was shown a photo array (State's Exhibit #5) from which she identified the defendant as one of the shooters and a person that she had previously seen in the neighborhood. She was absolutely sure of her identification and was not influenced by anything that may have been said by the Detectives nor was she influenced by any of the characteristics of the photographs in the array.
The defendant has moved to suppress the out-of-court identification of the defendant as being unconstitutionally suggestive. Essentially, the defendant claims that the defendant's picture in the photo array stands out because of its yellow hue as opposed to the light or gray background of the other photos.[1]
"To determine whether a pre-trial identification procedure, such as the photographic array in this case, violates a defendant's due process rights, the required inquiry is nude on an ad hoc basis and is two pronged: first, it must be determined whether the identification procedure was unnecessarily suggestive; and second, it is found to have been so, it must be determined whether the identification was nevertheless reliable based on an examination of the totality of the circumstances . . . An identification procedure is unnecessarily suggestive only if it gives rise to a very substantial likelihood of irreparable misidentification. . . . The defendant bears the burden of proving both that the identification procedures were unnecessarily suggestive and that the resulting identification was unreliable. "(Citations omitted; internal quotations marks omitted.) State v. Collins, 38 Conn. App. 247, 261-62
(1995).
In the court's view, the defendant has failed to satisfy his burden of proof in either respect. Our Supreme Court has held that the differences in the size and color composition of photographs in and of themselves do not render an array unnecessarily suggestive. State v. Boscarino,204 Conn. 714, 727 (1987) (the defendant's photograph was the only one CT Page 15969 with a dark blue background); State v. McKnight, 191 Conn. 564, 571
(1983).
As noted above the court finds Christine Miller to be a credible witness. She testified that her identification was made on the basis of her observation of the defendant, whom she had seen in the past and that she did not notice the yellow background in the defendant's photograph.
The testimony of Dr. Saul Kassin does not require a different conclusion than that set forth above. Dr. Kassin identified risk factors which increase the likelihood that a witness will make a false identification. However, he could not give a precise percentage as to the likelihood of a misidentification nor testify that Miss Miller did in fact pick out the defendant's photographs because of its yellow background.
The bottom line is that the defendant has not proven that the array in question under the circumstances of this case was unnecessarily suggestive so as to give rise to a very substantial likelihood of an irreparable misidentification.
Even of such suggestiveness were present, the identification in this case was nevertheless reliable. Christine Miller was able to view the defendant's face under reasonably good lighting conditions for 10 to 15 seconds, and from a distance as close as 31 feet. While she admitted that she was not wearing her glasses she also testified that the absence of her glasses does not affect her ability to see objects that are a distance from her in the range involved in this case. She recognized the defendant as someone that she had seen in the neighborhood in the past.
For all of the above reasons, the motion to suppress is denied.
Bruce W. Thompson, Judge